UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY-JOHN HANOIAN,<br><br>    Petitioner,<br><br>    v.<br><br>SANTA CRUZ COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 19-cv-00689-JST<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** |

## INTRODUCTION

Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition (ECF No. 6) is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He has paid the filing fee. ECF No. 12.

## BACKGROUND

On February 7, 2019, the Court received a notice of appeal ("NOA") from petitioner. ECF No. 1. The NOA was on the NOA form for appealing from a judgment or order of a United States District Court to the United States Court of Appeal for the Ninth Circuit. *Id.* However, in the form, petitioner stated that he was appealing an order entered on January 22, 2019 in Santa Cruz County Superior Court in Case No. 16-cr-03283. *Id.* Because the order appealed was not issued by a district court, he Court construed the filing as an attempt to file a petition for a writ of habeas corpus in this Court, opened the instant action, informed petitioner that the action was deficient because he had not filed the petition for a writ of habeas corpus on the proper form and had not filed an application to proceed *in forma pauperis* or paid the filing fee. ECF Nos. 3, 4.

On February 27, 2019, petitioner filed a petition for a writ of habeas corpus on the proper

form, specifying that he was charged with driving with a suspended license in Santa Cruz County Superior Court Case No. 16-cr-03283 and that the superior court entered a guilty plea for him in his absence and sentenced him to thirty-eight days of work release. ECF No. 6 at 1-2. Petitioner stated that he appealed this conviction and sentence to the California Supreme Court in 2015. *Id.* at 3.

On April 11, 2019, the Court dismissed this action for failure to pay the filing fee or file an application to proceed *in forma pauperis*, and entered judgment in favor of respondent. ECF Nos. 10, 11.

On September 24, 2019, petitioner paid the filing fee and requested that the Court reopen the case. ECF Nos. 12, 13.

On September 30, 2019, the Court vacated the order of dismissal and judgment, and reopened the case.

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petition**

Petitioner alleges that he is entitled to federal habeas relief because he did not give an informed plea and because he has the right to travel freely. ECF No. 6 at 5.

The petition suffers from numerous deficiencies.

First, it appears that petitioner is no longer in custody. Petitioner was sentenced to 38 days of work release sometime prior to the filing of this action in February 2019. Habeas relief is only available for persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2254(a).

Second, petitioner appears to be directly appealing a judgment from the Santa Cruz County

Superior Court. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Petitioner states that he appealed to the Supreme Court of California in 2015, but according to the case number for the underlying state court case, Case No. 16-cv-03283, the state court case was not commenced until 2016. Any filings in 2015 to the Supreme Court of California would not exhaust claims for an action commenced in 2016. In addition, petitioner lists the location of the California Supreme Court as Santa Cruz, California, making it further unclear if he actually exhausted his state court remedies.

Third, there is no federal constitutional right to drive without a driver's license. *See, e.g., Whitsitt v. Alameda Cty.*, 15 F.3d 1095 (9th Cir. 1993) (dismissing as frivolous plaintiff's claim that he had a constitutional right to operate a motor vehicle upon public roads without a driver's license and that driver's license was therefore wrongfully suspended or revoked).

Given these deficiencies in the petition, the Court orders petitioner to show cause within **twenty-eight (28) days** of the date of this order why this petition should not be dismissed for lack of federal habeas jurisdiction or for failure to exhaust state remedies. In his response to the order to show cause, petitioner should address whether he is currently in state custody pursuant to the judgment of a state court, and whether he has exhausted his state court remedies.

## CONCLUSION

For the foregoing reasons, the Court orders as follows. Within **twenty-eight (28) days** of the date of this order, petitioner shall show cause why this petition should not be dismissed for lack of federal habeas jurisdiction or for failure to exhaust state remedies. In his response to the order to show cause, petitioner should address whether he is currently in state custody pursuant to the judgment of a state court, and whether he has exhausted his state court remedies.

/ / /

/ / /

Failure to respond in accordance with this order will result in dismissal of this action without further notice to petitioner.

**IT IS SO ORDERED.**

Dated: November 25, 2019


_____
JON S. TIGAR
United States District Judge